Mark C. H. Mandell          Kreinces & Rosenberg P.C.
42 Herman Thau Road       500 Merchants Concourse
Annandale, NJ 08801       Westbury, NY 11590
908-638-4434              516-227-6500
*Attorney for Plaintiff Fruitco Corp.*   *Attorneys for Mascari Entr. et.al.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

|  |  |  |
|---|---|---|
| **FRUITCO CORP., PAN HELLENIC FOOD OF N.Y. CORP., MASCARI ENTERPRISES, INC.** *d/b/a Cedro Bananas*, **ROBERT T. COCHRAN & CO., INC., RUBIN BROTHERS PRODUCE CORP., and AMERIHUA PRODUCE, INC.,** | } } } } } } } } } | Civil Action No. |
| *Plaintiffs,* | } } } | |
| v. | } } } | COMPLAINT |
| **JUNIORS PRODUCE, INC., LOUIS AUGONE, Jr., CRAIG AUGONE, and PATRICIA AUGONE,** | } } } } } | |
| *Defendants.* | } | |

-----------------------------------------------------X

Plaintiffs, by and through their undersigned attorney, as and for their complaint against the Defendants above named state:

## PARTIES

1.     At all times herein, Plaintiff Fruitco Corp. ["FRUITCO"] was a corporation engaged in the business of buying and selling wholesale quantities of fresh fruit and vegetables in interstate commerce with its principal place of business in the N.Y.C. Terminal Market, Bronx, NY, and was duly licensed pursuant to the PACA.

2.     At all times herein, Plaintiff Pan Hellenic Food of N.Y. Corp. ["PHF"] was a corporation engaged in the business of buying and selling wholesale quantities of fresh fruit and vegetables in interstate commerce with its principal place of business in the N.Y.C. Terminal Market, Bronx, NY, and was duly licensed pursuant to the PACA.

3.      At all times herein, Plaintiff Mascari Enterprises, Inc. ["CBI"] was a corporation engaged in the business of buying and selling wholesale quantities of fresh fruit and vegetables in interstate commerce doing business as "Cedro Bananas" with its principal place of business in New Haven. CT, and was duly licensed pursuant to the PACA.

4.      At all times herein, Plaintiff Robert T. Cochran & Co., Inc. ["RTC"] was a corporation engaged in the business of buying and selling wholesale quantities of fresh fruit and vegetables in interstate commerce with its principal place of business in the N.Y.C. Terminal Market, Bronx, NY, and was duly licensed pursuant to the PACA.

5.      At all times herein, Plaintiff Amerihua Produce, Inc. ["API"] was a corporation engaged in the business of buying and selling wholesale quantities of fresh fruit and vegetables in interstate commerce with its principal place of business in Forest Hills, NY, and was duly licensed pursuant to the PACA.

6.      At all times herein, Plaintiff Rubin Brothers Produce Corp. ["RBP"] was a corporation engaged in the business of buying and selling wholesale quantities of fresh fruit and vegetables in interstate commerce with its principal place of business in the N.Y.C. Terminal Market, Bronx, NY, and was duly licensed pursuant to the PACA.

7.      Plaintiff is informed and so alleges that at all times material herein Defendant Juniors Produce, Inc. ["JPI")was, and still is a New York corporation engaged in the produce business, operated subject to the PACA as a dealer, and/or commission merchant, and/or broker, has held PACA License No. 19940452 since October 21, 2015 December 21, 1993, and operated from its principal place of business located at in the N.Y.C. Terminal Market, Bronx, NY since 1994.

8.      Plaintiff is further informed and believes and alleges that Defendant Louis Augone, Jr. was and still is a resident of the State of New York, and  Craig Augone, and Patricia Augone, were, at all times relevant, residents of the State of Connecticut, officers, directors, and/or acting principals of the corporate defendant JPI, and/or constituted the control group having discretionary control over of said corporation's assets and operations, were jointly and severally responsible for the corporation's adherence to the regulatory requirements imposed on

them by the PACA, and carried on their activities in the JPI offices located in the N.Y.C.

Terminal Market, Bronx, NY.

9.       Plaintiffs are informed and so believe and allege that there exist other parties who

may be joined as additional Defendants when and if their true identities are known and the basis

for Plaintiffs' claims against them are quantified.  Plaintiffs therefore reserve their rights to join

such additional parties as defendants at an appropriate time.

## JURISDICTION & VENUE

10.       Jurisdiction of the Court is invoked pursuant to Sections 2, 5& 7 of the

Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499a, et. seq. (herein

referred to as "PACA"), 28 U.S.C. §1331 and 28 U.S.C. §1337(a) because Plaintiffs' causes of

action arise under a statute regulating interstate commerce, and Plaintiffs' commodities were

delivered to Defendants in this District, and Defendants' place of business was located in this

District.

11.       Venue in this District is proper and is based on 28 U.S.C. §1391 in that all

Defendants have their principal place of business in this District, Plaintiffs' causes of action

arose in this District, and a substantial portion of the assets in issue in this action are or were

located in the District.

## CLAIMS FOR RELIEF

## COUNT I
[ PACA Trust]

12.       Plaintiffs repeat and reallege each and every allegation set forth in

paragraphs 1. through 11. above, and further alleges:

13.       This Count is brought to enforce Plaintiffs' rights under the statutory trust

contained and set forth in 7 U.S.C. §499e(c) of the PACA.

14.       Commencing with Defendant JPI's start of business in 1994 and continuing

until the Summer of 2015, the several Plaintiffs sold and supplied produce items to JPI at

its place of business in the N.Y.C. Terminal Market.

15.     On and between December, 2014 and July 2015, the several Plaintiffs sold
Defendant JPI perishable agricultural commodities in interstate  commence subject to the
PACA, and said Defendant accepted said commodities in wholesale and jobbing
quantities as defined under the PACA and its Regulations, for the agreed aggregate price
of $823,443.01 in accordance with the respective contracts of sale, all as listed for each
individual Plaintiff on Schedule A attached hereto, the entries on which are incorporated
herein by this reference.

16.      Plaintiffs tendered and delivered to Defendants the kind, type, and quantity
of commodities called for in said contracts, all as required by PACA and the U.S.D.A.
Regulations issued pursuant thereto.

17.     At the times that Plaintiffs' commodities were tendered and delivered to
Defendant JPI by the individual Defendants, and/or their servants and agents inspected
the commodities so tendered and delivered, accepted the commodities tendered,
exercised complete dominion and control over the commodities so accepted, and, upon
information and belief, have since sold said commodities to others but have failed and
refused to pay Plaintiffs for said commodities.

18.     Pursuant to the trust provisions of the PACA, at the time of Defendants'
receipt and/or acceptance of Plaintiffs' commodities, Plaintiffs became beneficiaries of
the statutory trust res held by Defendants as established by statute in favor of all of
Defendants' unpaid produce suppliers, including Plaintiffs,  the res of which trust
consists of Plaintiffs' commodities, all similar commodities received by Defendants, all
inventories of food or other products derived from perishable agricultural commodities
held by Defendants, and all proceeds and assets derived by Defendants from their resale

4

of produce, including, but not limited to, their resale of Plaintiff's commodities, and all assets into which Defendants have commingled said proceeds and assets.

19.     Subsequent to said sales and deliveries to Defendants, Plaintiffs duly invoiced Defendant JPI for the agreed prices on each item purchased and accepted,  sent such invoices to Defendants at the business address for DPFI.

20.     Plaintiffs' invoices further contained the specific notice authorized by the November 15, 1995 amendment to the PACA regarding preservation of rights under the PACA's statutory trust, and also contained Plaintiffs' terms of sale, which were unchanged from previous invoices sent to Defendants by Plaintiffs and paid by said Defendants.  Said invoices were retained by Defendants without exception or protest.

21.     Plaintiffs are unpaid suppliers-sellers of perishable agricultural commodities as those terms are used in the PACA and the PACA Regulations and, having duly preserved their rights under the PACA statutory trust, are entitled to proceed herein.

22.     Defendants have failed and refused to pay Plaintiffs  promptly and in full for the commodities received and accepted, yet continue to hold and use assets constituting the PACA trust res which are held for Plaintiffs' benefit.

23.     Plaintiffs are further informed and so believe and allege that Defendants have violated the duties imposed upon them under the PACA and the PACA Trust, have diverted and/or dissipated PACA Trust funds and assets under their custody and control, and have used said assets for their own personal benefit, and in knowing breach of their fiduciary obligation to Plaintiff, and failed to main the PACA Trust res under their control resulting in their being unable to pay Plaintiffs for the commodities sold,

delivered to, and accepted by Defendants.  Defendants' behaviors constitute continuing violations of Sections 2 & 5 of the PACA and PACA Regulations, are unlawful, and Defendants are in breach of the fiduciary obligations imposed upon them as statutory trustees and controlling persons of Defendant JPI, all to Plaintiffs' damage in the sum of $823,443.01, plus interest at the contract rate, together with Plaintiffs' reasonable attorney's fees and costs in accordance with the terms set forth on their invoices.

## COUNT II

[Breach of Contract/ Statutory Violation]

24.    Plaintiff repeats and realleges each and every allegation contained in paragraph No. 1. through 23. hereinabove as if fully set forth herein.

25.    On and between December, 2014 and July, 2015, Plaintiffs sold Defendants perishable agricultural commodities in interstate commerce subject to the PACA by partly oral and partly written contracts all subject to the provisions of the PACA.

26.    Plaintiffs delivered such commodities to Defendant JPI and said Defendant accepted said commodities at the times of tender of each lot.

27.    Defendants, in breach of the contracts of sale and in violation of Section 2(4) of the PACA, 7 U.S.C. §499b(4), have failed and refused to pay for the commodities delivered to and accepted by them all to Plaintiffs' damage in the sum of $823,443.01 together with interest on said amount calculated from the eleventh day following each date of sale together with Plaintiffs' attorneys fees and costs of this action.

## COUNT III

[Personal Liability 1]

28.     Plaintiffs repeat and reallege each and every allegation contained in paragraph Nos. 1. through 27. hereinabove as if fully set forth herein.

29.     At all times herein, Defendant  Louis Augone, Jr. and Craig Augone exercised primary operational control over the corporate defendant, and operated and controlled JPI without regard to its obligations to Plaintiffs and their duties under the PACA and the Statutory Trust.

30.     Upon information and belief, said individual Defendants, with the active assistance of Defendant Patricia Augone, jointly and severally, liquidated Plaintiffs' commodities by resale or otherwise but, instead of paying Plaintiffs for the commodities, converted such proceeds to their own use and/or the use and benefit of Defendant JPI in manners and means constituting dissipation of the PACA Trust res under their custody and control.

31.     Upon information and belief, the individual defendants have caused Defendant JPI to violate its statutory and fiduciary duties, including those owed to Plaintiffs, and have actively caused Defendant JPI to dissipate large portions of the PACA Statutory Trust res in their  collective custody, possession, and control.

32.     That as the direct consequence of the said individual defendants' actions and/or failures to act in accordance with the statutory and regulatory obligations imposed upon them by the PACA, Plaintiffs' have been damaged in the sum of $823,443.01 together with interest on said amount calculated from the eleventh day following each date of sale together with Plaintiffs' attorneys fees and costs of this action.

7

**COUNT IV**

[Conversion & Constructive Trust]

32.     Plaintiffs repeat and reallege each and every allegation contained in paragraph Nos. 1. though 31. herein above as if fully set forth herein.

33.     From 1994 onward until ceasing operation in September/October of 2015, Defendant JPI purchased, received, and accepted perishable agricultural commodities from Plaintiffs and others in the course of said Defendant's operations in the produce business.

34.     At various times throughout said period of time, the Individual Defendants took numerous portions of the liquid portions of the PACA Trust assets in their custody, removed such asset from Defendant JPI, converted such assets to their own use, made investments outside of DPI and/or acquired property, both real and personal, with the converted assets previously held in trust under the PACA by Defendant JPI, and/or transferred such assets, including other assets acquired through their use of PACA Trust res assets of DPI, to others presently unknown to Plaintiffs.

35.     Defendants had particular inside knowledge of the JPI operations and had actual knowledge, when they purchased produce from Plaintiffs during the times and dates alleged hereinabove and on Schedule A, that they had no reasonable expectation of being able to pay for what they purchased, and yet continued to remove monies and other assets from JPI which they know they had no right to take.

36.     The Individual Defendants knowingly converted and illegally took assets held in trust under the PACA and, having converted such assets to their own personal

use, hold any and all assets, acquired through their taking and use of JPI assets, in constructive trust for the benefit of Plaintiffs and all others similarly situated.

37.     The Individual Defendants are subject to disgorgement of all JPI assets they have received, and Plaintiffs, as beneficiaries of the Statutory Trust res and the resultant substituted Constructive Trust res held and controlled by the Individual Defendants, are entitled to a full accounting for and return of all PACA Trust assets taken and/or held by said Defendants.

## COUNT V

### [Attorney's Fees]

37.     Plaintiffs repeat and reallege each and every allegation contained in paragraph Nos. 1. through 36. hereinabove as if fully set forth herein.

38.     In accordance with the contracts of sales and Plaintiffs' terms of sale set forth in the face of their invoices to Defendant JPI, Defendants are responsible for Plaintiffs' reasonable attorneys fees and costs incurred in connection with the Plaintiffs' efforts to obtain payment for their commodities.

39.     Plaintiffs have retained counsel herein, have incurred costs and fees in this action, and will continue to incur such costs and fees until they receives payment in full for their damages incurred as the result of Defendants' acts and omissions giving rise to the causes of action hereinabove set forth.

**WHEREFORE,** Plaintiffs respectfully demand judgment against Defendants:

1.     Declaring Defendants JPI, Louis Augone, Jr., Craig Augone, and Patricia Augone to have violated PACA and the USDA Regulations promulgated thereunder, to have breached their fiduciary obligations owed to Plaintiffs, and to be guilty of willful defalcations of their fiduciary obligations; and

2.     Declaring Defendants JPI, Louis Augone, Jr., Craig Augone, and Patricia Augone, jointly and severally to be the statutory trustees for the benefit of Plaintiffs with respect to the assets to which Plaintiffs have preserved their rights under the PACA and the PACA trust; and

3.     Ordering Defendants JPI, Louis Augone, Jr., Craig Augone, and Patricia Augone, jointly and severally, to pay Plaintiffs the sum of $823,443.01 plus applicable interest, and granting Plaintiffs a judgment against each and all of the Defendants for said amounts and all further amounts, including interest and attorneys fees and costs, found to be due Plaintiffs herein; and

4.     Declaring any and all assets the individual defendants have acquired through their use of funds taken or removed from Defendant JPI to be held in constructive trust for the benefit of Plaintiffs and all others similarly situated as a substitute and/or constructive trust res; and

5.     Ordering and directing Louis Augone, Jr., Craig Augone, and Patricia Augone, jointly and severally, to account for all PACA Trust assets of Defendant JPI they have transferred and/or received from Defendant JPI and to return, in liquidated form, all such assets up to the amounts found to be due Plaintiffs and all other PACA beneficiaries similarly situated; and

6.     Granting Plaintiffs their reasonable attorney's fees, costs, and necessary disbursements of this action in accordance with the Plaintiffs' terms of sale; and

7.     Granting Plaintiffs such other and further relief as the Court deems just and proper.

Dated:  October 26, 2015

____S/Mark C. H. Mandell_____          ____S/Leonard Kreinces_____
Mark C. H. Mandell                        Leonard Kreinces
*Attorney for Plaintiff Fruitco Corp.*    Howard S. Rosenberg
42 Herman Thau Road                       Kreinces & Rosenberg P.C.
Annandale, NJ 08801                       *Attorneys for Plaintiffs Pan Hellenic,*
(908)638-4434                                *Mascari Entr., R.T. Cochran, Rubin*
                                             *Bros., and Amerihua*
                                          900 Merchants Concourse, Suite 305
                                          Westbury, NY 11590
                                          516-227-6500

SCHEDULE A

| Supplier/Plaintiff | Dates of Sale | Amounts Unpaid |
|---|---|---|
| Fruitco Corp. | 6/12/15 > 7/9/15 | $303,687.00 |
| R.T. Cochran & Co., Inc. | 6/15/15 > 7/9/15 | 96,109.00 |
| Mascari Entr., Inc. | 6/9/15  > 7/9/15 | 351,209.50 |
| Pan Hellenic Food of NY, Inc. | 6/15/15 > 7/6/15 | 7,528.50 |
| Rubin Brothers Prod. Corp. | 6/11/15 > 7/3/15 | 42,839.01 |
| Amerihua Prod., Inc. | 12/5/14 > 2/17/15 | 22,070.00 |
| | | |
| Principal Amount Unpaid | | $823,443.01 |